## CLOUSE, Respondent, *vs.* MAGUIRE, Appellant.

1. Under the new code, where the trial is by the court sitting as a jury, it is improper practice to ask instructions, and a judgment will not be reversed for a refusal to grant them.

*Appeal from St. Louis Law Commissioner's Court.*

*T. B. Hudson,* for appellant.
*Blennerhassett & Shreve,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

This is an appeal from the law commissioner. The trial was by the court without a jury. After the evidence was closed, the parties asked instructions, some of which were given and others refused, and a general verdict was found for the plaintiff, on which judgment was rendered.

1. It has been said in the decisions given since the adoption of the code of practice, that when the court is trying the facts without a jury, there is no use in declaring the law upon a hypothetical state of facts, as the court is required to find the facts specially, and that such instructions would not be regarded as a ground for reversing the judgment.

It has also been decided that, when the court tried the facts, and instead of finding them specially, as required by the code, finds a general verdict, and no objection is made in the court below to that mode of proceeding, the judgment will be affirmed. Such is the present case, and while it appears that the views of the law commissioner upon legal questions before him were entirely incorrect, the questions are not so saved upon the record, that this court can reach them. The judgment, with the concurrence of the other Judges, is affirmed.